**Virginia H. CABE, Plaintiff-Appellant,**

v.

**UNION CARBIDE CORPORATION and Aetna Life & Casualty Insurance Company, Defendants-Appellees.**

Supreme Court of Tennessee,
at Knoxville.

Jan. 17, 1983.

Robert W. Knolton, Oak Ridge, for plaintiff-appellant.

Robert R. Campbell, Knoxville, for defendants-appellees.

#### OPINION

DROWOTA, Justice.

This is a worker's compensation case. The Plaintiff, suffering an adverse judgment in the Chancery Court, has presented the following issue for review by this Court: whether there can be a recovery of benefits under the Tennessee Worker's Compensation Act for death due to a heart attack immediately precipitated by acute or sudden emotional stress as opposed to physical exertion, where the necessary causal

connection is properly established by the proof.

Plaintiff is the widow of the decedent. She seeks the benefits payable to a dependent widow under the worker's compensation laws. Union Carbide Corporation employed the decedent as an assistant general supervisor of utilities. He earned an average weekly wage in excess of that amount required for payment of maximum benefits to him or his widow under the worker's compensation laws. On March 18, 1980, Robert Leonard Cabe, Jr., died on the job while acting within the course of his employment and while performing his usual and normal duties as a supervisor of the utilities sections of the Union Carbide Corporation. The cause of Mr. Cabe's death was acute myocardial infarction. Minutes before his heart attack, the decedent, a safety conscious supervisor, had verbally reprimanded a worker for failing to wear required safety glasses while working. Both had raised their voices and an "active argument ensued which lasted about five minutes." The worker left to get his safety glasses, and he returned to find Mr. Cabe lying on the ground. Other employees of Union Carbide were immediately called, but upon their arrival Mr. Cabe had no heart beat or respiration. Recovery efforts proved unsuccessful and Mr. Cabe was pronounced dead one hour and five minutes later.

On January 3, 1980, the plant physician examined the decedent and reported no history of cardiovascular problems, and the electrocardiogram done on that date was normal. The physician further testified that the immediate precipitating cause of a myocardial infarction can be nothing, or that exertion, and conceivably a severe emotional upheaval, can cause enough spasm to cause a myocardial infarction and that it is conceivable that a heated argument with an employee could have been one of the things that contributed to the blockage. A cardiologist testified in response to a hypothetical question that, in his opinion, the emotional stress that was a result of a heated argument could be the precipitating factor bringing on a myocardial infarction.

The chancellor's opinion admits of only one interpretation. Finding that "the decedent's experience with [the worker] immediately prior to the myocardial infarction was a contributing factor to [his] death; that this incident, while not foreign to the duties of a supervisor, was unusual; that there is expert medical testimony that this [incident] 'could be' a precipitating factor [of the heart attack] . . .," the court went on to hold that "the plaintiff's version of the events does not qualify as a kind of mental stimulus, fright or shock contemplated in *Jose v. Equifax* . . ." Although the court found that the mental stress resulting from the argument was a cause of the decedent's heart attack, the court was of the opinion that the incident before the heart attack did not constitute an "accident" within the meaning of the worker's compensation laws. The defendants, in their brief, concede that the chancellor's finding of causation is supported by evidence. But they advance the position that there is material evidence to support the court's finding that the event could not be considered an injury by accident under the existing law of Tennessee. The chancellor made certain findings of fact and, based upon the law of *Jose v. Equifax,* concluded that the event did not constitute an injury by accident. The question before us is, therefore, not one of fact, but of law; and, as such, it is not reviewable by the material evidence standard.

Our past cases dealing with compensable heart injuries adumbrate the outer limits of recovery for injuries brought on by the job environment. We have been cautious in prescribing limits to recovery because we are mindful of our duty to liberally construe the worker's compensation statutes and because we realize that we are unable to foresee every situation in which a claimant might present a set of facts upon which he is equitably entitled to relief. Nevertheless, sound jurisprudence requires that we indicate some reasonable limits in the interpretation of those statutes, and we have done so. Although *Jose v. Equifax,* 556 S.W.2d 82 (Tenn.1977), does not deal with a heart injury, it does establish the periphery

of coverage provided by T.C.A. § 50–902(d). We held in that case that the alleged accident as described in the pleadings must be something more than a conclusion or a generalization. The claimant had alleged a severe psychiatric illness resulting from the pressures and tensions of his work. But he alleged no job accident which, with proof, could have been shown to be the cause of his condition. And so, we affirmed the trial court's dismissal for failure to state a claim. We noted, however, that even though the claimant had failed to allege an accident with sufficient definiteness, there was no requirement that an accident, under T.C.A. § 50–902(d), be either physical or traumatic in nature. In fact, "a mental stimulus, such as fright, shock or even excessive, unexpected anxiety could amount to an 'accident' sufficient to justify an award for a resulting mental or nervous disorder." *Jose,* 556 S.W.2d at 84.

We restated our opinion, in *Allied Chemical Corp. v. Wells,* 578 S.W.2d 369, 372 (1979), that the term "injury by accident" should not be limited to cases where some physical or traumatic injury is shown; but "some acute, sudden or unexpected emotional stress directly attributable to employment" and precipitating a heart attack would constitute a compensable accidental injury. We, again, limited the interpretation of that term, holding that "worry, anxiety or emotional stress of a general nature" are not, in and of themselves, sufficient to establish an accident. In *Allied,* there was no unusual or sudden event involving emotional stress, fright or shock that could be pointed to as the precipitating event.

We have recognized accidents, other than those physical in nature, as being embraced by T.C.A. § 50–902(d). But we have insisted that the claimant allege with some specificity and clarity, the occasion which constitutes the accident. In this case, the Plaintiff has shown, and the chancellor found, that the decedent's argument with his subordinate about the safety goggles was unusual and was a contributing factor to his death. Such an argument might result in unexpected emotional stress directly attrib-

utable to his employment. In any event, there is evidence in the record to support the chancellor's finding.

We do not think the circumstances in the present case fall in the category of everyday stress and strain as found in *Allied* and *Jose.* The evidence shows that during his thirty plus years at Union Carbide the decedent was extremely safety conscious and that it was his duty as supervisor to provide a safe environment for his workers. An argument described as "heated" and "upsetting" entered to enforce safety rules, which causes a claimant such emotional stress as to bring about death due to a heart attack, is not "stress of a general nature." We hold the Plaintiff has proven a set of facts which entitles her to recovery under the worker's compensation laws.

The Defendant asserts that *Clevenger v. Plexco, Div. of Amstead Industries,* 614 S.W.2d 356 (Tenn.1981), compels a different result. In *Clevenger,* the Plaintiff alleged that an unexpected and undeserved reprimand by his foreman brought on the Plaintiff's nervous breakdown and that these circumstances were sufficient to constitute an accidental compensable injury. Having before him a plethora of evidence, the trial judge found that the claimant was already disabled due to, among other things, his marital problems, his excessive drinking and his problems with his brother. The court, in a word, found no causal connection between the accident and the injury alleged. We affirmed, holding that the record contained an abundance of evidence to support the trial judge's finding that Plaintiff's condition was caused by factors other than his employment. Testimony at trial revealed that the "reprimand" alleged by the claimant amounted to nothing more than his foreman telling him, in the presence of other workers, that he must improve within a couple of weeks. We indicated that such an incident would not qualify as an accident. The case before us is on different footing. There is no problem with causation in this case. Moreover, we think the circumstances which constitute the "accident" are more severe.

For the reasons stated above, we reverse the Chancery Court and remand for a determination of Plaintiff's award under the proper statutes. The cost of this appeal is taxed to the Defendants.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.