Richard K. BLACK, Appellant,

v.

STATE of Tennessee, Appellee.

Supreme Court of Tennessee, at Nashville.

Dec. 8, 1986.

Clifford Wilson, Howell, Fisher, Branham & North, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Elizabeth P. McCarter, Asst. Atty. Gen., Nashville, for appellee.

OPINION

PER CURIAM.

This is a direct appeal from the action of the Tennessee Claims Commission in denying plaintiff's worker's compensation claim. See T.C.A. § 9–8–307 and § 9–8–403(1). The issue is whether plaintiff's heart attack following an antagonistic confronta-

tion with his superior resulted in an injury by accident.

Plaintiff is employed by the State of Tennessee as a supervisor of a group of technicians who maintain the laboratories and assist in research at Tennessee State University's School of Engineering. On 17 July 1984, plaintiff secured the approval of the Dean of the Engineering Department for vacation leave from 20 August through 24 August. On 6 August, plaintiff again met with the Dean to request an extension of vacation leave from 7 August through 17 August. The Dean refused. A discussion ensued which ended in a heated exchange. As he left the Dean's office, plaintiff became ill. Plaintiff took the rest of that day off. The next day he was examined by a cardiologist who determined that plaintiff had suffered a heart attack.

Plaintiff had accumulated some annual leave time. Plaintiff learned that, if he did not immediately use this time, his annual leave would be converted to sick leave, which plaintiff believed to be compensated at one-half the rate of the annual leave time. Thus, plaintiff desired to extend his vacation in order to maximize benefits due to him. The Commission found that plaintiff's previous requests for vacation time had uniformly met with approval and that plaintiff expected this request to extend his vacation would likewise be honored.

The Commission also found that the Dean responded to plaintiff's request in an uncaring and abrupt manner. Plaintiff responded with anger. The Dean answered this anger with a raised voice. There was a short exchange of words, which culminated with plaintiff walking out of the Dean's office while the Dean was still speaking. The Dean shouted that plaintiff had better come back or risk losing his job.

The Commission found that immediately after this encounter plaintiff began to experience the symptoms of a heart attack. This finding was corroborated by two of plaintiff's co-workers, who witnessed the pale and sweating plaintiff clutching his chest shortly after his meeting with the Dean. One of these witnesses described plaintiff as "disoriented" and "in a tizzy." Medical testimony confirmed that plaintiff had suffered a heart attack.

The Commission found that Dr. Kaplan's testimony that a heated argument was "quite likely" to cause stress that would be a precipitating factor or cause of a heart attack provided "adequate medical evidence of causation."

The Commission concluded that the key question was whether the argument between Plaintiff and the Dean "constitutes an industrial accident"; that "the case at bar falls between the two cases argued most strenuously ... *Clevenger v. Plexco, Div. of Amstead Industries,* 614 S.W.2d 356 [Tenn.1981] and *Cabe v. Union Carbide,* 644 S.W.2d 397 [Tenn.1983]." After comparing the medical history of Plaintiff with that of the employees in *Cabe* and *Clevenger,* and the similarities and differences in the emotional encounters involved in the cases, the Commission concluded that the "level of Plaintiff's response, while understandable given the circumstances and the personalities, is unjustified." That finding resulted in the conclusion that "what happened was well within the normal ups and downs of emotional, normal human experience."

The Commission's final conclusion was based in part upon its finding that the argument in *Cabe* was an "unexpected" argument whereas in this case, even though the past history had indicated that approval had always been granted, the "possibility" of disapproval existed particularly in this instance of a "last minute" request. In addition, the Commission placed considerable weight on the marked differences in the personalities of Plaintiff and the Dean, resulting in its conclusion that Plaintiff should have been emotionally prepared for a personality clash, if his request was rejected.

Plaintiff does not dispute any of the Commission's findings of fact, but insists that those findings bring this case within the scope of *Cabe;* that the denial of plaintiff's request to use accumulated vacation time to avoid loss of one-half of it, was

unexpected, directly attributable to employment and immediately precipitated emotional stress and the heart attack.

In *Allied Chemical Corporation v. Wells,* 578 S.W.2d 369 (Tenn.1979), this Court acknowledge the difficulty in formulating a general rule applicable to all cases of this kind, but nevertheless established criteria that we have followed in subsequent cases, including *Cabe.* In *Wells* we held that a compensable injury by accident occurs when the injury results from some acute, sudden or unexpected emotional stress directly attributable to employment, but is not covered when the injury is preceded by worry, anxiety or emotional stress of a general nature.

With respect to the elements of acute, sudden and unexpected, we are unable to distinguish plaintiff Black's emotional stress from that sustained by Cabe upon finding a worker who was not wearing his safety glasses.

The Commission found as a fact that plaintiff had sustained a permanent partial disability to the body as a whole of twenty percent. There is material evidence to support that finding, both medical and lay, and we affirm.

The judgment of the Tennessee Claims Commission is reversed and this case is remanded to that Commission for a determination of any other benefits that plaintiff Black may be entitled to under the Worker's Compensation Act and the entry of a judgment awarding such benefits and twenty percent permanent partial disability. Costs are adjudged against the State of Tennessee.