**814**

Kenneth K. SEXTON,
Plaintiff–Appellee,

v.

SCOTT COUNTY, Tennessee,
Defendant–Appellant.

Supreme Court of Tennessee,
at Knoxville.

March 5, 1990.

John W. Baker, Jr., Poore, Cox, Baker, Ray, & Byrne, Knoxville, for defendant-appellant.

Charles B. Sexton, Sexton, Sexton, & Beaty, Oneida, for plaintiff-appellee.

## OPINION

DROWOTA, Chief Justice.

In this workers' compensation case, the Defendant employer, Scott County, appeals the decision of the Chancellor awarding Plaintiff, a Scott County bailiff, process server and funeral escort, disability for coronary artery disease aggravated by hypertension which in turn was aggravated by job-related stress. Because we find the Plaintiff failed to prove he suffered a compensable "accidental injury," we reverse the decision of the trial court.

Plaintiff, Kenneth Sexton, age 55, was hired by Defendant as a bailiff/process server on September 1, 1986. This work involved general bailiff duties, serving papers, and escorting funerals. On April 23, 1987, Plaintiff underwent a heart/artery bypass procedure. He returned to work after the operation on June 12, 1987, and he worked regularly until April 21, 1988.

Plaintiff sought recovery under workers' compensation for the medical expenses incurred for the bypass operation and for permanent and total disability. Defendant denied that the Plaintiff's coronary artery disease or bypass surgery or any disability resulting therefrom was causally connected to his employment. After a trial, the Chancellor found that stress was a compensable injury and that stress had aggravated Plaintiff's pre-existing hypertension, resulting in the bypass surgery. The Chancellor awarded Plaintiff total permanent disability together with past and future medical expenses.

The Defendant filed a Motion to Reconsider, which was overruled by the trial court. The Defendant now appeals to this Court. Our review is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e).

Plaintiff testified that he worked long hours and had much stress in his job with Defendant. He testified that when he was hired on September 1, 1986 for the job of bailiff/process server he was told that his

hours would be eight hours a day, five days a week, but that his actual hours were much longer. Plaintiff testified that his duties as bailiff often required him to work more than one court at a time. In addition, Plaintiff's duties as process server required him to serve papers early in the morning or late in the evening, and his duties as a funeral escort frequently required him to work weekends. He testified that he often had to escort funerals of people he knew, which depressed and upset him. Plaintiff testified there were many weeks in which he would serve papers early on the weekday mornings, work court all day, serve papers again in the evenings, and then escort funerals on the weekends. Plaintiff's wife also testified as to the long hours Plaintiff was working.

Plaintiff testified that his health was good before beginning work for Defendant. He admitted to having high blood pressure, diabetes, and a weight problem for several years prior to his employment with Defendant, but testified that his diabetes and high blood pressure had been "under control."

Plaintiff testified he first started noticing a change in his health soon after beginning work for Defendant. With the long hours, he no longer had time to exercise. He became very tired, so tired he had trouble sleeping at night. Plaintiff testified he was upset, "real nervous," and "easily irritated."

In April, 1987, Plaintiff's nerve problems worsened and he developed chest pain. Plaintiff went to see his family physician, Dr. Bruce Coffey, who gave him a stress test which showed some irregularities. Dr. Coffey referred Plaintiff to a heart specialist, Dr. Clinton Dorian, who recommended bypass surgery, which Plaintiff had in the latter part of April, 1987. Plaintiff was hospitalized for seven or eight days following the surgery and returned to work on June 12, 1987. During the period of time following the surgery and before starting back to work, his blood pressure was not elevated.

Dr. Bruce Coffey, Plaintiff's family physician, testified by deposition that Plaintiff's hypertension was well controlled prior to September 1, 1986, when Plaintiff began work for Defendant. Dr. Coffey testified that Plaintiff's high blood pressure remained under control during September, October, and November of 1986 but that there was a marked elevation in December of 1986 when Plaintiff's blood pressure was measured at 150/100, and that Plaintiff's blood pressure remained elevated thereafter. Dr. Coffey testified that Plaintiff did well after the bypass surgery while he was off work, but that when Plaintiff returned to work his blood pressure went back up and the chest pains returned. Dr. Coffey noted that after returning to work, Plaintiff's lipids, triglycerides, and cholesterol levels rose as well.

Dr. Coffey concluded that Plaintiff's hypertension was aggravated by stress at his job and that the hypertension exacerbated Plaintiff's pre-existing arteriosclerotic heart condition, necessitating the coronary bypass surgery. Dr. Coffey assessed Plaintiff's permanent impairment as 80% to the body as a whole.

Dr. Clinton Dorian, the cardiologist who recommended Plaintiff's bypass surgery, testified by deposition that the Plaintiff had coronary artery disease prior to beginning work for Defendant, but that job stress aggravated the condition, which in turn led to the need for the bypass procedure. Dr. Dorian assessed Plaintiff's disability from his heart condition as 75% to the body as a whole.

At Defendant's request, Dr. George Krisle, a cardiologist, reviewed all of Plaintiff's medical records and Dr. Coffey's and Dr. Dorian's depositions, and examined the Plaintiff on October 10, 1988. Dr. Krisle testified by deposition that prior to beginning work for Defendant Plaintiff had all of the known risk factors associated with the occurrence of coronary artery disease, including:

(1) a family history of coronary artery disease;

(2) a history of high blood pressure or hypertension;

(3) a history of obesity;

(4) a history of smoking;

(5) a history of diabetes;

(6) a history of high cholesterol levels; and

(7) a history of high triglyceride levels

Dr. Krisle expressed his opinion that stress is not one of the risk factors associated with the development of coronary artery disease because "stress is a non-specific, intangible, and scientifically unmeasurable component in the clinical area" and "would not be considered a risk factor" in that "it's an unmeasurable, and, therefore, it's not possible to quantify it as such." Dr. Krisle concluded that Plaintiff's coronary artery disease pre-dated his employment with Defendant, and that his employment did not add to the severity of nor increase the amount of Plaintiff's coronary artery disease.

■ Defendant argues that the coronary artery disease risk factors listed above, which are unrelated to Plaintiff's employment, caused Plaintiff's coronary artery disease and led to the bypass surgery. We do not address that argument here because Plaintiff has not alleged any specific incident of employment related stress or anxiety, and therefore has failed to prove a compensable work-related "accidental injury."

■ This Court has on many occasions addressed the issue of whether stress is a compensable "accidental injury" for purposes of the Tennessee Workers' Compensation laws. There is no requirement under the Tennessee Workers' Compensation Laws that an accident be either physical or traumatic in nature. See *Cabe v. Union Carbide Corp.*, 644 S.W.2d 397, 399 (Tenn. 1983). This Court recognized in *Jose v. Equifax*, 556 S.W.2d 82, 84, that "a mental stimulus, such as fright, shock, or even excessive, unexpected anxiety could amount to an 'accident' sufficient to justify an award for a resulting mental or nervous disorder."

There must, however, be a specific incident of stress which constitutes the accident. In *Cabe v. Carbide Corp.*, 644 S.W.2d 397, 399 (Tenn.1983), for example, a worker suffered a heart attack and died after a heated argument with a co-worker concerning the use of safety goggles. The Court held that the confrontation, although not involving physical injury or exertion, was stress of such an acute, sudden and unexpected nature to constitute an "accident" within the meaning of Workers Compensation Laws. Likewise, in *Black v. State*, 721 S.W.2d 801, 803 (Tenn.1986) we held that a worker's heart attack preceded by an argument with a superior about vacation time was a compensable injury resulting from a workplace accident.

In both *Cabe* and *Black* there was a specific stressful incident. When, on the other hand, the claimant alleges only *general* stress and anxiety this Court has consistently held that no compensation is due. See *Jose v. Equifax*, 556 S.W.2d 82 (Tenn. 1977); *Allied Chemical Corp. v. Wells*, 578 S.W.2d 369 (Tenn.1979); *Clevenger v. Plexco, Div. of Amstead Industries*, 614 S.W.2d 356 (Tenn.1981); *Helton v. Food Lion, Inc.*, 738 S.W.2d 626 (Tenn.1987).

In *Jose v. Equifax*, 556 S.W.2d 82 (Tenn. 1977), the claimant alleged a severe psychiatric illness resulting from work stress of a general nature. Because the claimant did not allege any specific stressful incident, this Court affirmed the trial court's dismissal for failure to state a claim, noting that the statutory definition of accident "still does not embrace every stress or strain of daily living or every undesirable experience encountered in carrying out the duties of a contract of employment." *Jose*, 556 S.W.2d at 84.

In *Allied Chemical Corp. v. Wells*, 578 S.W.2d 369, 372 (Tenn.1979), the plaintiff, a factory foreman, claimed that worry, anxiety and emotional stress of a general nature over his job responsibilities led to his myocardial infarction. The claimant was not able to point to any unusual or sudden stressful, shocking or frightening event leading to his heart attack; therefore, this Court denied recovery, holding that worry, anxiety, or emotional stress of a general nature are not, by themselves, sufficient to establish an accident.

In the case at bar, Plaintiff does not point to any particular sudden stressful,

shocking, or frightening event leading to an aggravation of his hypertension or a worsening of his coronary artery disease. Rather, Plaintiff claims that long hours and work stress of a general nature exacerbated his heart condition. Plaintiff has failed to show that he suffered a compensable "accident" within the meaning of the Workers' Compensation Laws. We hold, therefore, that Plaintiff is not entitled to workers' compensation benefits.

The judgment of the Trial Court is accordingly reversed. Costs are taxed to the Plaintiff.

FONES, COOPER, HARBISON and O'BRIEN, JJ., concur.