# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
### AT NASHVILLE

| | | |
|---|---|---|
| RAY DONALD HAWKINS, | ) | DAVIDSON CIRCUIT |
| | ) | No. 93C-674 Below |
| Plaintiff/Appellant, | ) | |
| | ) | |
| | ) | |
| VS. | ) | Hon. Hamilton V. Gayden, Jr., |
| | ) | Judge |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | No. 01-S-01-9508-CV-00126 |
| NASHVILLE & DAVIDSON COUNTY | ) | |
| TENNESSEE acting by and through | ) | |
| the NASHVILLE ELECTRIC POWER | ) | |
| BOARD; and acting by and through | ) | |
| THE ELECTRIC EMPLOYEES' | ) | |
| CIVIL SERVICE & PENSION BOARD, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

FILED

May 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellants:

Thomas E. Stewart
Stewart & Black
Madison, Tennessee

For Appellees:

Douglas Fisher
Howell & Fisher
Nashville, Tennessee

## MEMORANDUM OPINION

Members of Panel:

Adolpho A. Birch, Jr., Associate Justice
Ben H. Cantrell, Special Judge
Jerry L. Smith, Special Judge

AFFIRMED                                      Cantrell, Special Judge

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50-6-225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

The appellant sued his employer for workers' compensation benefits covering mental and emotional disability which resulted from being informed that he was about to be fired. The trial judge dismissed the action because it did not state a claim on which relief could be granted. We conclude that the judgment should be affirmed.

## I.

The complaint alleged that the appellant had worked for the Nashville Electric Service for thirty-one years, serving finally as Executive Assistant General Manager. On March 11, 1992, one hour before a scheduled meeting of the Power Board, a Board member informed the appellant that at the meeting the Board would vote to dismiss him. Although the rumor turned out to be false, the appellant alleged that the shock and fright produced by the unwelcome news caused such mental and emotional stress that he became permanently disabled.

The defendant filed a motion to dismiss for failure to state a claim. The trial judge initially overruled the motion but decided to grant it, after further proceedings in the case.

## II.

Mental injuries are compensable under the workers' compensation laws when causally connected to a work-related accident. *Wade v. Aetna Casualty and Surety Co.,* 735 S.W.2d 215 (Tenn. 1987); *Jose v. Equifax,* 556 S.W.2d 82 (Tenn. 1977). An injury by accident is one which cannot be reasonably anticipated, is unexpected and is precipitated by unusual combinations of fortuitous circumstances. *A. C. Lawrence Leather Co. v. Loveday,* 224 Tenn. 317, 455 S.W.2d 141 (Tenn. 1970). The "accident" does not have to involve physical injuries. *Sexton v. Scott County,* 785 S.W.2d 814 (Tenn. 1990). A specific incident of stress such as an argument with a co-worker, or an angry confrontation with a superior amounts to an accident at work, *Cabe v. Union Carbide Corp.,* 644 S.W.2d 397 (Tenn. 1983); *Block v. State,* 721 S.W.2d 801 (Tenn. 1986); but the statutory definition of accident "does not embrace every stress or strain of daily living or every undesirable experience encountered in carrying out the duties of a contract of employment." *Jose v. Equifax,* 556 S.W.2d 82 at 84 (Tenn. 1977).

One of the latest cases involving mental injuries resulting from an alleged accident at work is *Tolbert v. Baptist Hospital,* No. 01-S-01-9309-CH-00141 (filed in Nashville June 24, 1994), in which the employee went into a severe depressive state after being criticized by her supervisor for poor job performance. A workers' compensation appeals panel held that the injury did not result from an accident as defined in the workers' compensation law. The Supreme Court adopted the panel's conclusion and denied the employee's motion for review.

On a motion to dismiss we take the facts alleged as true and in the light most favorable to the plaintiff. The facts alleged in this case are similar to the facts in the *Tolbert* case, and we conclude that the result should be the same. This panel is of the opinion that when an employee suffers depression as a result of being informed that he is about to be terminated, the injury does not arise out of an accident as defined in the workers' compensation law.

## III.

The appellant also argues that the trial judge erred in granting the motion to dismiss after first overruling it. He combined that argument with the assertion that the trial judge violated Tenn. R. Civ. Proc. 59.05 by not transferring the case to another judge before granting the motion. In our judgment neither argument has any validity.

An order by the trial judge that does not dispose of all the claims and the rights and liabilities of all the parties is subject to revision at any time before the entry of a "final" judgment. Rule 54.02, Tenn. R. Civ. Proc.; Rule 3(a), Tenn. R. App. Proc. The trial court's order overruling the motion to dismiss was not a final order and the trial judge acted properly in later granting the motion.

As to the obligation to transfer the case to another judge, that obligation arises only when the trial judge has granted a new trial in a jury case because the verdict is contrary to the weight of the evidence -- and then only where a party has requested the transfer. Tenn. R. Civ. Proc. 59.06. Despite the appellant's assertions to the contrary, the trial judge's decision was rendered as a matter of law and did not involve a determination of the facts. Our rules do not prohibit a trial judge from granting a motion to dismiss after first overruling it.

The judgment of the trial court is affirmed. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, SPECIAL JUDGE

- 4 -

CONCUR:


_____
ADOLPHO A. BIRCH, JR.,
ASSOCIATE JUSTICE



_____
JERRY L. SMITH, SPECIAL JUDGE