Russell E. JOSE, Appellant,

v.

EQUIFAX, INC., Appellee.

Supreme Court of Tennessee.

Oct. 3, 1977.

J. Gregory O'Connor, Bond, Carpenter & O'Connor, Knoxville, for appellant.

Arthur G. Seymour, Jr., W. Kyle Carpenter, Knoxville, for appellee; Frantz, McConnell & Seymour, Knoxville, of counsel.

## OPINION

HARBISON, Justice.

In this workmen's compensation case the employer's motion to dismiss for failure to state a claim was sustained by the trial judge. The allegations of the complaint are quite brief and are very general in their nature. The record does not indicate that any attempt was made to amend them,

either before or after the employer's motion was ruled upon.

The complaint alleges an employer-employee relationship under the workmen's compensation law, notice to the employer, and an entitlement to disability benefits together with medical and hospital expenses. The factual allegations upon which recovery is claimed, however, are contained entirely in the following paragraph:

"That up until approximately May, 1976, Plaintiff was employed by Defendant as a Claims Director and Field Representative for many years. That in those capacities Plaintiff alleges that he was exposed to a tremendous amount of pressure and tension in order to meet the obligations placed upon him as an employee of the Defendant. That as a result of the pressures and tensions of his work Plaintiff alleges that he sustained a severe psychiatric illness. That furthermore, to alleviate his psychiatric problems the Plaintiff developed an habitual alcoholic problem. That furthermore, as a result of his illnesses, Plaintiff was treated at the Peninsula Center Psychiatric Hospital on several occasions."

There is no delineation of the duties which the employee was required to perform, nor of the nature of the "psychiatric illness" alleged.

Predicated upon these general and conclusory allegations, which were not amended in the face of a motion challenging their legal sufficiency, the employee, appellant here, asks this Court to hold as a matter of law that a claim for workmen's compensation benefits has been stated. This we are not prepared to do.

In support of his assignments of error, appellant has cited a lengthy article dealing with mental and nervous injury in workmen's compensation cases written by Professor Arthur Larson, appearing at 23 Vand.L.Rev. 1243 (1970). The Court is urged to hold that a mental stimulus causing nervous injury is sufficient to allow workmen's compensation benefits, and to leave to the trier of fact the matter of the sufficiency of medical evidence and of causation.

This Court on several occasions has dealt with the question of mental illnesses, such as traumatic neurosis, in workmen's compensation cases. In the case of *Chapman v. Aetna Casualty & Surety Co.*, 221 Tenn. 376, 426 S.W.2d 760 (1968), the Court dealt with a claim that anxiety and worry over job termination caused or precipitated an employee's fatal heart attack. The Court found the medical evidence insufficient to sustain the allegations. It also found the stress or worry involved was that usual to the termination of any temporary employment and not unique to the particular job.

In the case of *Buck & Simmons Auto & Electric Supply Co. v. Kesterson*, 194 Tenn. 115, 250 S.W.2d 39 (1952), an award of total and permanent disability was allowed as a result of traumatic neurosis. In that case the employee was struck by a vehicle and sustained some injury, including a slight laceration, to his neck. There were no broken bones, however, and no evidence of any other serious physical injury. Nevertheless from conflicting medical testimony, the Court concluded that there was sufficient evidence to establish the authenticity of the traumatic neurosis and its permanence. *See also Pocahontas Fuel Co. v. Orick*, 218 Tenn. 514, 404 S.W.2d 500 (1966); *McKenzie v. Campbell and Dann Mfg. Co.*, 209 Tenn. 475, 354 S.W.2d 440 (1962). In the case of *Minton v. Leonard*, 219 Tenn. 642, 412 S.W.2d 886 (1967) the Court recognized that there could be recovery for traumatic neurosis resulting from a back injury, but a new trial was ordered because of insufficiency of the testimony as to whether the condition was permanent. In the case of *Gluck Brothers, Inc. v. Pollard*, 221 Tenn. 383, 426 S.W.2d 763 (1968) the employee suffered mental illness diagnosed as chronic undifferentiated schizophrenia. The Court found sufficient evidence of a causal connection between this condition and an industrial accident to justify a total permanent disability award. In that case the employee had sustained slight physical injuries; he was mentally retarded and possessed a schizoid personality "which grew

into a fullblown psychosis as a result of the trauma of the boiler accident and the subsequent psychological headaches . . . ." 221 Tenn. at 387, 426 S.W.2d at 765.

The foregoing does not purport to be an exhaustive analysis of all Tennessee cases which have dealt with the subject of mental or nervous illness in workmen's compensation cases. It is clear that such disorders are compensable when shown to be caused by an industrial, work-related accident.

In the article above referred to, Professor Larson indicates that courts have not hesitated to allow compensation benefits for mental or nervous conditions where some "physical" or traumatic injury was proved, but that there has been a reluctance to permit recovery where only a "mental" stimulus occurring on the job caused the alleged mental or nervous illness.

This Court is not inclined to limit recovery to cases involving physical, traumatic injury or to impose any other artificial limitation upon the coverage afforded by the compensation statutes. In proper cases, we are of the opinion that a mental stimulus, such as fright, shock or even excessive, unexpected anxiety could amount to an "accident" sufficient to justify an award for a resulting mental or nervous disorder. It must be recalled, however, that the Tennessee statute, unlike the statutes of several other states mentioned in the Larson article, confines recovery to "injury by accident arising out of and in the course of employment." At the time when the present complaint was filed, the statute covered only certain named or listed occupational diseases. These diseases were included within the terms "injury" and "personal injury" by amendment to T.C.A. § 50–902(d), but without such inclusion, occupational diseases or illnesses would not have been covered.

The Tennessee cases are clear that recovery is not permitted, under existing statutes, for the natural processes of aging or progression of unscheduled diseases. *Kroger Co. v. Johnson*, 221 Tenn. 649, 430

S.W.2d 130 (1967); *Chapman v. Aetna Casualty & Surety Co.*, 221 Tenn. 376, 426 S.W.2d 760 (1968). A liberal interpretation has been given to the statutory criterion of "injury by accident," *St. Paul Ins. Co. v. Waller*, 524 S.W.2d 478 (Tenn.1975); *Brown Shoe Co. v. Reed*, 209 Tenn. 106, 350 S.W.2d 65 (1961), but this still does not embrace every stress or strain of daily living or every undesirable experience encountered in carrying out the duties of a contract of employment. Workmen's compensation coverage is not as broad as general, comprehensive health and accident insurance.

At best, giving appellant the benefit of the most liberal interpretation of the compensation law, the claim attempted to be stated here would be on the periphery of coverage provided by the statute. When challenged by motion to dismiss, it was incumbent upon appellant to state with some specificity and clarity what sort of "accidental injury" was being claimed. We do not hold as a matter of law that no such claim as is here attempted could ever be established, but we are of the opinion that nothing more than conclusions and generalities were stated here. Tested by a motion to dismiss, the complaint failed to allege an injury by accident arising out of and in the course of employment. Therefore, the trial judge correctly sustained the motion.

Judgment affirmed at the cost of appellant.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.