**H.E. MAYES, Jr., Plaintiff-Appellee,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellant.**

Supreme Court of Tennessee, at Nashville.

July 9, 1984.

Raymond W. Fraley, Jr., Fayetteville, for plaintiff-appellee.

Robert W. Stevens, Bagley & Stevens, Fayetteville, for defendant-appellant.

## OPINION

DROWOTA, Justice.

This worker's compensation appeal raises the question of whether mental disturbance resulting from the stress and strain of conducting a contracting business constitutes a compensable injury. After hearing testimony from the witnesses and taking the matter under advisement, the trial judge awarded the Plaintiff temporary total disability, medical expenses, and further found the plaintiff retained a 75% permanent partial disability to the body as a whole for which compensation was awarded in a lump sum payment. We have carefully reviewed the record and the arguments presented on behalf of both parties and are of the opinion that the trial judge erred. Accordingly, the judgment of the trial court is reversed.

The facts in this case are not in dispute. The Plaintiff is chairman of the board, president and sole stockholder of his construction company, Mayes and Associates, Inc. Prior to 1980, Plaintiff's health was

good; however, after that time, his business and his health began to deteriorate.

In 1980, four key personnel left the business. The Plaintiff experienced cash flow problems and, in 1981, his bonding company, U.S.F. & G., began to place demands on him to meet deadlines. On April 11, 1982, he was ordered by his bonding company to complete a job in Murfreesboro, Tennessee. When he arrived at the site, he was ordered to leave.

Other problems encountered by the Plaintiff include a divorce in 1979 and custody of his daughter being given to his wife. His son was arrested on drug charges in 1980, 1981 and 1982. His second wife's business failed in 1982 at which time she declared bankruptcy; this ultimately resulted in the foreclosure on a piece of property which was owned by Mayes and Associates, Inc. and used as collateral to secure a loan for his wife's failed business.

Medical testimony came from Dr. Paul Whittemore who testified that the deterioration of Plaintiff's business caused his stress problem. On March 5, 1982, Dr. Whittemore hospitalized the Plaintiff for treatment of acute anxiety reaction. He was discharged on March 8, 1982.

■■■ The trial court found that the Plaintiff's injury was work related and compensable. Whether the injury was work related is a question of fact. Testimony in the record supports this finding and we are bound by the material evidence standard to affirm. However, whether this is a compensable injury is a question of law, and as such, we are not bound by the material evidence standard of review. *Cabe v. Union Carbide Corporation*, 644 S.W.2d 397, 398 (Tenn.1983).

Although it is unclear on appeal whether the Plaintiff is arguing that he suffered an injury by accident or an occupational disease, it appears from the record of the proceedings in the trial court and from the majority of the line of cases presented in

support of his position that the Plaintiff contends that he has suffered an injury by accident.[1] The uncertainty of the Plaintiff's position was also apparent in his complaint, which reads in pertinent part:

On or about March 5, 1982, plaintiff, as a result of stress caused by his work was hospitalized in the Lincoln County Hospital, Fayetteville, Tennessee. Plaintiff's stress arose while working at his job, as president of H.E. Mayes and Associates, Inc., and performing work arising out of and in the course and scope of his employment as president of H.E. Mayes and Associates, Inc.

As a matter of law, this complaint fails to state a claim for worker's compensation benefits.

■■■ In the leading case of *Jose v. Equifax, Inc.*, 556 S.W.2d 82 (Tenn.1977), the trial court sustained a motion to dismiss for failure to state a claim for which relief may be granted. The allegations in that complaint are similar to those in the present case.

Plaintiff alleges that he was exposed to a tremendous amount of pressure and tension in order to meet the obligations placed upon him as an employer of the Defendant. That as a result of the pressures and tensions of his work Plaintiff alleges that he sustained a severe psychiatric illness.

*Id.* at 83.

We affirmed the action of the trial court and held that it was "incumbent upon appellant to state with some specificity and clarity what sort of accidental injury was being claimed." *Id.* at 84. We further stated, and reiterate here, that "[i]n proper cases, we are of the opinion that a mental stimulus, such as fright, shock or even excessive, unexpected anxiety could amount to an 'accident' sufficient to justify an award for a resulting mental or nervous disorder." *Id.* at 84.

■■■ The present case does not justify an award for a mental or nervous disorder.

---

1. Some of the cases cited by Plaintiff in his brief concern occupational disease; however, the

facts of this case do not support compensation based on an occupational disease theory.

The mental stimulus which precipitated the Plaintiff's anxiety is not the type envisioned in *Jose.* We are mindful of the fact that "injury by accident" as defined in the worker's compensation statute has been liberally interpreted. "[B]ut this still does not embrace every stress or strain of daily living or every undesirable experience encountered in carrying out the duties of a contract of employment." *Jose v. Equifax, Inc., supra,* at 84; *See also Clevenger v. Plexco, Div. of Amstead Industries,* 614 S.W.2d 356, 360 (Tenn.1981). While the loss of key personnel and the pressure placed upon him by his bonding company apparently caused the Plaintiff to experience stress and anxiety, those experiences fall within the category of the usual stress and strain encountered in the operation of a contracting business. To hold otherwise would expand worker's compensation coverage beyond its intended perimeters and make it "as broad as general, comprehensive health and accident insurance." *Jose v. Equifax, Inc., supra,* at 84.

The judgment of the trial court is reversed, costs of this appeal are taxed to the Plaintiff.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.