# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
August 28, 2001 Session

## MICHAEL CHESLOCK v. BOARD OF ADMINISTRATION, CITY OF MEMPHIS RETIREMENT SYSTEM

**Direct Appeal from the Chancery Court for Shelby County**
**No. 107141-2     Floyd Peete, Jr., Chancellor**

---

**No. W2001-00179-COA-R3-CV - September 13, 2001**

---

On December 14, 1995, Memphis Police Lieutenant Michael Cheslock appeared before the Pension Board of Memphis, Tennessee, to request a line of duty disability pension as provided by the Memphis Code of Ordinances, Section 25-1(27). Mr. Cheslock had been diagnosed by two psychiatrists as disabled by job related Post Traumatic Stress Disorder. The Pension Board refused the line of disability pension, determining that Mr. Cheslock did not meet the requirements as defined by the code. Mr. Cheslock filed a petition for writ of certiorari in the Chancery Court of Shelby County. The petition was denied and this appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Thomas E. Hansom and Debra L. Fessenden, Memphis, Tennessee, for the Appellant, Michael Cheslock.

Robert L. J. Spence, Jr., City Attorney and Steven D. Townsdin, Assistant City Attorney, Memphis, Tennessee, for the Appellee, Board of Administration City of Memphis Retirement System.

## OPINION

Michael Cheslock had been a Memphis Police Officer for over 25 years when he appeared before the Pension Board in December of 1995 to request a line of duty disability pension. In 1995, Mr. Cheslock was an officer with the Tactical Unit (TACT) of the police department, and was diagnosed by two psychiatrists appointed by the Board as suffering from Post Traumatic Stress Disorder (PTSD). This diagnosis followed a December 24, 1994, incident in which Mr. Cheslock encountered a severely abused 23-day old infant who later died of these injuries, and a February, 1995, murder scene at which Mr. Cheslock began to feel ill and had to be relieved by a fellow

officer. Subsequently, Mr. Cheslock experienced flashbacks and extreme anxiety, including nausea, diarrhea, shortness of breath, tachycardia, tremor and lightheadedness. He had unpredictable crying spells, developed insomnia and withdrew emotionally. In April of 1995 he was hospitalized for 23 days for these symptoms. During his tenure with the police department, Mr. Cheslock had encountered a number of stressful situations, including witnessing the torture and death of a fellow officer and being shot at numerous times. Psychiatrists Dr. Barbara Chamberlin and Dr. Richard Farmer determined that Mr. Cheslock was disabled by job related PTSD.

After reviewing the evidence, the Pension Board determined that Mr. Cheslock did not meet the requirements for line of duty disability under the Memphis Code.[1] Mr. Cheslock was granted a service retirement without waiving or prejudicing his right to appeal the denial of a line of duty pension. Mr. Cheslock filed a petition for writ of certiorari of the denial in Chancery Court for the Thirtieth Judicial District. The matter was heard on August 28, 2000, and the petition was denied. An order was entered upholding the Board's decision, holding, as a matter of law, that the Board did not act arbitrarily, capriciously, illegally or unlawfully in denying the line of duty disability pension. This appeal followed.

### *Issue presented*

The issue presented to us on appeal in this case is whether the trial court erred in denying Mr. Cheslock's Petition for Writ of Certiorari.

### *Standard of Review*

This is a common law writ of certiorari. Tennessee Code Annotated. § 27-8-101 (2000) provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Review under such a writ is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *Splain v. City of Memphis*, No. 02A01-9511-CH-00259, 1996 WL 383297, at *2 (Tenn. Ct. App. July 10, 1996) (*no perm. app. filed*) (citing *McCallen v. City of Memphis,* 786 S.W.2d 633, 638 (Tenn. 1990)). The Pension Board's decision must be upheld if there is any material evidence to support its findings. *Splain*, 1996 WL 383297, at *2 (citing *Davison v Carr*, 659 S.W.2d 361, 363 (Tenn. 1983)). Neither the trial court nor a reviewing court may weigh the evidence. *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d, 277 (Tenn. 1980). Therefore, if there is any material evidence to support the Pension Board's

---

[1]The City of Memphis has opted out of the Tennessee workers' compensation provisions and is self-insured.

determination that Mr. Cheslock did not qualify for a line of duty disability pension, this Court cannot reverse that determination.

Pursuant to Tenn. Code Ann. § 50-6-106 (1999), the City of Memphis has opted out of the Tennessee workers' compensation law and is self-insured. The City of Memphis Code of Ordinances § 25-1(27) governs line of duty disability pension awards. However, the range of disabilities which justifies line of duty disability pension under the Memphis Code is comparable to those found in Tennessee workers' compensation law. *See Splain*, 1996 WL 383297, at *3. Thus contrary to Respondent's contention otherwise, the holdings of the Tennessee Supreme Court regarding compensability requirements pursuant to the workers' compensation statutes upon a finding of Post Traumatic Stress Disorder are pertinent to our discussion here. *See Splain*, 1996 WL 383297, at *3.

Under the Memphis Code, a line of duty disability pension is merited upon

[a] physical or mental condition arising as the direct and proximate result of an accident sustained by a participant, after he became a participant and while in the actual performance of duties for the city at some definite time and place without willful negligence on his part which totally and permanently prevents him from engaging in the duties for which he was employed by the city. The determination of the line-of-duty disability of a participant shall be made on medical evidence by at least two (2) qualified physicians.

It is undisputed that Mr. Cheslock is suffering from Post Traumatic Stress Disorder and that he is no longer able to carry out the duties of a police officer. What is at issue is whether Mr. Cheslock's disorder is the result of an "accident" which occurred in the performance of his duties "at some definite time and place," as required by the Memphis Code.

### *Accident*

In defining accident for the purposes of workers' compensation, the Tennessee Supreme Court has stated:

An accident is generally an unlooked for mishap, an untoward event, which is not expected or designed . . . . compensable injury should be the result of something happening by accidental means though the act involving the accident was intentional . . . . It is produced by means which were neither designed nor calculated to cause it.

*Brown Shoe Co. v. Reed*, 350 S.W.2d 65, 69 (Tenn. 1961).

The Court has determined that mental stimulus, such as fright, shock or excessive and unexpected anxiety could amount to an accident meriting an award for resultant mental or nervous

disorders. *Gatlin v. City of Knoxville*, 822 S.W.2d 587, 589 (Tenn. 1991) (citing *Jose v. Equifax, Inc.*, 556 S.W.2d 82, 84 (Tenn. 1977)). While the Court has interpreted injury by accident liberally, such injury does not include the stresses and strains of daily life or every undesirable experience of carrying out the terms of one's employment. *Jose v. Equifax, Inc.*, 556 S.W.2d at 84 (citing *St. Paul Ins. Co. v. Waller*, 524 S.W.2d 478 (Tenn. 1975)); *Brown Shoe Co.*, 350 S.W.2d 65. An accident for the purpose of compensation under workers' compensation must be a particular event. *Gatlin*, 822 S.W.2d at 590. Moreover, such an accident must be an event or experience which falls outside of the category of the usual stresses and strains encountered in the course of employment. *Id*. *See also Henley v. Roadway Express*, 699 S.W.2d 150 (Tenn. 1985); *Beck v. State*, 779 S.W.2d 367 (Tenn. 1989).

In *Splain*, Memphis police officer Vincent Splain applied for a line of duty disability pension after being diagnosed with job related PTSD following a work related leg injury. The Pension Board denied Splain's application, determining that this disability was not caused by a particular accident or incident at a definite time or place. Without finding whether there was any material evidence to support the Board's decision, the trial court reversed the Board upon Splain's petition for a writ of certiorari. After reviewing the record, this Court found that there was material evidence to support the Board's decision denying Splain's application, and that the Board did not act arbitrarily, capriciously or illegally. The judgment of the Chancellor was overturned and the decision of the Board reinstated. *Splain*, 1996 WL 383297, at *4.

In *Gatlin v. City of Knoxville*, police officer Gatlin was diagnosed as permanently disabled due to job related stress after 12 years of service, including service in especially dangerous specialized units. *Gatlin*, 822 S.W.2d at 587-88. The trial court found Gatlin's disorder compensable as an occupational disease and awarded disability benefits. *Id.* at 588. On Appeal, the Tennessee Supreme Court reversed. *Id.* at 592. The Court held that for a mental injury to arise out of employment it must be the result of an identifiable event, not a gradual stress building up over a period of time. *Id.* at 591. The Court added that the stress must be "extraordinary and unusual in comparison to the stress ordinarily experienced by an employee in the same type of duty." *Id.* at 592.

Petitioner here identifies two incidents in particular as accidents which precipitated his experience of PTSD. First, the December 1994 experience with a severely abused 23 day old infant who later died from the injuries. Second, the February 1995 call to a particularly gruesome murder scene. Such incidents clearly could be accidents in that they caused excessive and unexpected anxiety as defined in *Gatlin* and *Jose*. However, we find that there is material evidence in the record to support a finding that these incidents are not outside the category or stresses and strains to be expected by an officer in the Tactical Unit (TACT). The job summary for a police lieutenant in TACT includes: "responds to critical incidents such as hostage situations, barricaded and armed suspects . . . . [d]irects assaults, tear gas placement . . . . [d]irects high risk apprehension . . . . [w]ork involves hazard to life and safety." The medical report submitted by Dr. Chamberlain states that, during the course of his employment, Mr. Cheslock had to shoot a suspect who later died from his wounds, witnessed the death by torture of a fellow police officer, and was fired upon at least 26 times. In that there is material evidence to support a finding that the otherwise extreme incidents

experienced by Mr. Cheslock were not outside the scope of what is encountered by an officer in TACT, we are bound to uphold the Pension Board's determination.

### *Definite Time and Place*

While Post Traumatic Stress Disorder may be compensable as a mental injury arising from an accident, it is not compensable when caused by a gradual build-up of stress over a period of time or by repetitive mental trauma. *See Splain*, 1996 WL 383297, at *3; *Gatlin*, 822 S.W.2d at 589; *Jose*, 556 S.W.2d at 84. Like the workers' compensation statutes, the Memphis Code does not permit recovery for Post Traumatic Stress Disorder which results from the build up of stress over time, but requires it to be the direct result of an accident which occurred at some definite time and place. *Splain*, 1996 WL 383297, at *3; *Gatlin*, 822 S.W.2d at 591-92.

Petitioner here argues that the February 1995 murder scene was the triggering event of his disabling PTSD. Respondent does not dispute that Mr. Cheslock is disabled and unable to perform his duties as a police officer. Respondent contends, however, that Mr. Cheslock's condition is not the result of an incident which occurred at a specific time and place as required by the Memphis Code. Respondent argues that Mr. Cheslock's past experience with depression should be considered as a contributing factor, and that Mr. Cheslock's disabling stress is cumulative.

In light of the specific determination by the examining physicians that Mr. Cheslock's experience of PTSD was job-related, however, we reject Respondent's arguments that Mr. Cheslock's previous experiences of depression should be considered as contributing factors to his PTSD. In *Beck v. State*, the Tennessee Supreme Court considered a workers' compensation claim where an employee suffered mental injury after being sexually assaulted at her place of employment. *Beck v. State*, 779 S.W.2d 367 (Tenn. 1989). Evidence was presented that Beck's psychological condition predisposed her to suffer an acute reaction as a result of the assault. *Id.* at 370. The Court held, "[a]n employer takes an employee as he finds him, and assumes the risk that an employee with a weakened condition may be aggravated by some injury which might not affect a normal person." *Id*. at 371.

Respondent's position that Mr. Cheslock's PTSD was not caused by the requisite specific accident at a definite time and place, however, is not without support in the record. Petitioner argues that his experience of PTSD symptoms began at the murder scene in February of 1995. Dr. Farmer notes that in addition to the February incident, Mr. Cheslock refers to December 24, 1994, as a "critical day." Even assuming that the two incidents occurring within a period of less than two months would suffice as an identifiable accident, or that the February incident alone would suffice, evidence in Mr. Cheslock's case is ambiguous regarding whether his experience of PTSD was directly caused by the particular incident(s), or developed gradually as a result of extreme stress over a period of time. Dr. Chamberlain's evaluation states:

> The key events that precipitated full blown symptoms seemed to have been involvement in a child abuse case in December 1994 with an infant who had been

severely abused and died of these injuries. In addition, he was the officer in charge of a very gruesome murder . . . in February of 1995. It was at the scene of this murder . . . that he began to feel physically ill . . . .

Both Dr. Chamberlain and Dr. Farmer diagnosed Mr. Cheslock as suffering from PTSD. Dr. Chamberlain report states, "This is the most clear cut, unequivocal case of disability from post traumatic stress disorder that I have evaluated in recent years." Dr. Farmer notes, "This illness is indeed job related . . . ." Dr. Farmer's evaluation, however, indicates that Mr. Cheslock already was "having symptoms of acute stress" when he previously was diagnosed as having Attention Deficit Disorder. Under the standards annunciated in *Jose* and reiterated by the Supreme Court in *Gatlin*, an accumulation of stress over time does not meet the statutory requirement of a precipitating event which occurs at a definite time and place. As noted in *Splain*, the Memphis Code does not permit a line of duty disability pension "for every employee who has suffered a job related, disabling mental condition . . . . It also requires the mental condition complained of to be the direct and proximate result of an accident occurring at some definite time and place." *Splain*, 1996 WL 383297, at *3.

Given the ambiguity of Dr. Chamberlain's evaluation regarding the triggering event, coupled with Dr. Farmer's observation that Mr. Cheslock was exhibiting symptoms of severe stress when he was treated for attention deficit disorder in 1994, we cannot find that there was no material evidence to support the Pension Board's determination that Mr. Cheslock's experience of PTSD was not the result of an accident occurring at a definite time and place, but rather caused by a gradual build up of stress.

Since there is material evidence in the record to support the determination that Mr. Cheslock has not met the requirements for a line of duty pension as delineated in the Memphis Code, the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Michael Cheslock, and his surety.

_____
DAVID R. FARMER, JUDGE

-6-