**FILED**

**March 16, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 11:06 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| HILDA GREEN,<br>       Employee, | ) | Docket No.: 2016-03-1198 |
| v. | ) | |
| CAMPBELL CO. GOVERNMENT,<br>       Employer, | ) | State File No.: 73794-2016 |
| And<br>ALTERNATIVE SERVICE<br>CONCEPTS, LLC,<br>       Carrier. | ) | Judge Lisa A. Lowe |

## EXPEDITED HEARING ORDER
## DENYING MEDICAL BENEFITS AND TEMPORARY DISABILITY BENEFITS
## (DECISION ON THE RECORD)

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Hilda Green, on January 25, 2017. The central legal issue is whether Ms. Green has established a mental injury that arose primarily out of and in the course and scope of her employment. For the reasons set for below, the Court finds Ms. Green failed to come forward with sufficient evidence to establish that her mental injury arose primarily out of and in the course and scope of her employment.

Ms. Green filed a Petition for Benefit Determination on November 3, 2016. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice on January 23, 2017. Ms. Green filed a Request for Expedited Hearing for a decision on the record on January 25, 2017. Campbell County Government filed a response on February 15, 2017. The Court issued a docketing notice listing the contents of the record and allowed Ms. Green and Campbell County Government an opportunity to file objections by February 24, 2017. Neither party filed an objection, and this Court finds it needs no additional information to determine whether Ms. Green is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Tennessee Code Annotated section 50-6-239(d)(2) (2016),

1

Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2016), and Rule 7.02 of the Practices and Procedures of the Court of Workers' Compensation Claims (2017), the Court decides this matter upon a review of the written materials.

## History of Claim

Ms. Green is a sixty-year-old resident of Campbell County, Tennessee, where she worked as an administrative or clerical assistant. Ms. Green alleged in her affidavit that beginning June 2016, she had been on sick leave due to stress and harassment from the County Clerk, Alene Baird. Ms. Green alleged that on August 23, 2016, she returned to work and Ms. Baird started again to verbally harass her. Ms. Green alleged Ms. Baird poked her in the nose and grabbed her arm when she attempted to call the police. Ms. Green asserted she is entitled to workers' compensation benefits due to this "sudden frightening event of unusual stress and anxiety in the workplace."

Ms. Green provided medical records from her primary care physician, Dr. Gurpreet Narula, for the period of August 24 through September 30, 2016. On August 24, Ms. Green reported to Dr. Narula that she "was physically assaulted and had to call the law and is having a hard time dealing with the situation . . . at work." The next day, Ms. Green told Dr. Narula she was having palpitations and anxiety attacks and was under a lot of stress. On September 19, Dr. Narula noted Ms. Green was,

> [V]ery stressed, tearful, and crying because she cannot concentrate at all. She has not been able to go back to work because she feels like it is a very hostile environment for her. She has a fear that she might be physically coerced [sic]. She was threatened to be [sic] physically assaulted there.

At that time, Dr. Narula recommended that Ms. Green should not go to work until she is "more mentally secure and stable, and her mind is more concentrated."

The FMLA paperwork Ms. Green submitted references her stress and anxiety, but does not reference the work-related incident. Ms. Green also submitted a September 2, 2016 letter from Katherine Barron, NP-C, MSN, CGRN, of Oak Ridge Gastroenterology Associates. NP Barron noted that Ms. Green has had worsening symptoms of her inflammatory bowel disease for the last several months. Ms. Green reported stressors at work, and NP Barron concluded that those "stressors are known to be a factor *in some* exacerbations of inflammatory bowel disease with a propensity to increase symptoms." (Emphasis added.)

Additionally, Ms. Green submitted a newspaper article about the incident. The article outlined her account of the events but included the following statement, "The police report prepared by the officer apparently relied on Green's statement alone. Journal Leader spoke with some employees of the County Clerk's office who gave a

different account of events."

Campbell County issued a Notice of Denial stating, "Psychological injury must be accompanied by a physical injury or must result from sudden frightening event outside of usual stress of employment." Campbell County asserted Ms. Green has a history of anxiety and emotional issues. It pointed out that the provided records document Ms. Green's stress, anxiety, and emotional problems but do not indicate a specific work-related event that contributed more than fifty percent of the cause of those problems. Campbell County provided the affidavit of Ms. Baird in support of its position. Ms. Baird gave a different version of the events. She said Ms. Green was making a scene and yelling in front of customers. Ms. Baird stated she was never verbally abusive to Ms. Green; she never hit, poked, or grabbed any part of Ms. Green's body; she never physically or mentally abused Ms. Green; she never threatened or harassed Ms. Green; and she never took action to frighten Ms. Green and never treated her unfairly.

## Findings of Fact and Conclusions of Law

### Standard applied

At an Expedited Hearing, Ms. Green need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

Tennessee law allows compensation for mental injuries if they are caused by either 1) a compensable physical injury, or 2) a sudden or unusual mental stimulus, such as fright, shock, or even excessive, unexpected anxiety. *Cutler-Hammer v. Crabtree*, 54 S.W.3d 748, 754, *citing Jose v. Equifax*, 556 S.W.2d 82, 84 (Tenn. 1977).

Tennessee Code Annotated 50-6-102(17) (2016) defines a mental injury as follows:

> "Mental injury" means a loss of mental faculties or a mental or behavioral disorder, arising primarily out of a compensable physical injury or an identifiable work related event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities.

In order to prevail, Ms. Green must demonstrate that she sustained a mental injury arising primarily out of and in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2016). In order to establish this element, she must prove, "to a

3

reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." *Id.* at § 50-6-102(14)(C) and (D).

Ms. Green and Ms. Baird offered different versions of the events that are pertinent to this claim. Since Ms. Green chose not to have an in-person evidentiary hearing, the Court is left unable to make credibility determinations with regard to Ms. Green's account and Ms. Baird's account. In addition, Ms. Green mentioned in the materials she submitted that other witnesses were present during the events. However, she did not submit the affidavits of any witnesses.

Ms. Green is required to establish through expert medical proof that her alleged injury arose primarily out of the employment. Ms. Green cannot rely solely upon her own testimony because it is she who must establish causation. Our Appeals Board has held that "lay testimony . . . without corroborative expert testimony, [does] not constitute adequate evidence of medical causation." *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015). Accordingly, Ms. Green must "secure expert opinions or other evidence necessary to address any applicable burden of proof." *Pool v. Jarmon D&Q Transp.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 1, at *10 (Jan. 4, 2016).

The Court finds Ms. Green did not come forward with evidence supporting the essential element of medical causation. Although the medical records mention the incident at work, they contain no reference to physical injuries and no medical provider concluded that the August 23, 2016 work incident caused a sudden or unusual stressful event that contributed more than fifty percent of the need for Ms. Green's treatment. NP Barron stated that work stressors are known to be a factor in *some* exacerbations of Crohn disease, but she did not say that the August 23, 2016 work incident caused an exacerbation in Ms. Green's Crohn's disease.

After careful consideration, as a matter of law, this Court concludes Ms. Green failed to come forward with sufficient evidence from which this Court can conclude that she is likely to prevail at a hearing on the merits to establish her mental injury arose primarily out of and in the course and scope of her employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Green's claim for interlocutory relief against Campbell County Government and its workers' compensation carrier for the requested medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on May 18, 2016, at 2:00 p.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate

in the Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED** this the 16th day of March, 2017.

HON. LISA A. LOWE
Workers' Compensation Judge

## APPENDIX

Exhibits:
1. Affidavit of Hilda J. Green
2. Recorded Statement of Hilda J. Green
3. First Report of Work Injury, Form C-20
4. Notice of Denial of Claim for Compensation, Form C-23
5. Jacksboro Police Department, State of Tennessee Uniform Citation
6. Newspaper Article
7. Campbell County Check Stub Summary
8. Medical Records of Dr. Gupreet Narula
9. Correspondence from Oak Ridge Gastroenterology Associates
10. USDOL Certification of Health Care Provider for Employee's Serious Health Condition (FMLA), dated June 15, 2016
11. USDOL Certification of Health Care Provider for Employee's Serious Health Condition (FMLA), dated August 26, 2016
12. Affidavit of Alene Baird

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Docketing Notice for On-The-Record Determination
5. Employer's Response to Employee's Request for Expedited Hearing and Claim for Medical Benefits

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of March, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Hilda J. Green, Self-Represented Employee | X | | X | Hilda J. Green<br>163 Oak Street<br>Jacksboro, TN 37757<br>Hildagreen312@yahoo.com |
| Rhonda L. Bradshaw, Employer's Attorney | | | X | rlb@spicerfirm.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

6