FILED

March 14, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:07 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| Toyya Nettles Pettus, | ) | Docket No. 2017-08-0563 |
| Employee, | ) | |
| v. | ) | |
| Ace Cash Express, | ) | State File No. 36533-2017 |
| Employer, | ) | |
| And | ) | |
| North River Ins. Co., | ) | Judge Deana Seymour |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER

---

Toyya Nettles Pettus filed a Request for Expedited Hearing seeking medical and temporary disability benefits for an alleged work-related mental injury. This Court held a hearing on February 21, 2018. The primary issue before the Court is whether Ms. Pettus sustained a compensable mental injury, thus entitling her to the requested benefits. Because Ms. Pettus did not prove a likelihood of succeeding on the merits of this claim, the Court denies her request.

### History of Claim

Ms. Pettus worked for Ace Cash Express as a district manager of thirteen stores in Memphis. Ace provided payday and title loans to the public, and the stores kept substantial amounts of cash on hand. Each store had a safe to secure the money their employees handled daily and a bulletproof mantrap to separate its employees from customers. All employees learned protocols to prevent robberies and other criminal activity. Each had a wireless emergency panic button, and Ace installed additional panic buttons throughout the stores.

As district manager, Ms. Pettus visited each store to count the cash and ensure employees followed proper procedures. She met with two other district managers in Memphis and was aware of robbery attempts in their areas. Ms. Pettus also worked as an Ace store manager in Nashville in 2000, when robbers tied and held her at gunpoint. Her

1

supervisor, Chris Hughes, confirmed the risk of this type of criminal activity in the cash loan business.

A robbery occurred at one of Ms. Pettus' stores on December 24, 2016. An employee called Ms. Pettus to notify her of the robbery, which Ms. Pettus heard in progress by phone. Ms. Pettus drove to the store and found the police present and the robbers gone. No one was physically injured.

Over the next three months, other stores in Ms. Pettus' district experienced attempted robberies. In January 2017, an attempted robbery occurred at the Austin Peay store. Two men held a gun to her employee's husband's head and threatened the employee to open the door. In February, an attempted robber ran his vehicle into another Ace store and tried to get the employee to open the door. In March, an attempted robber ran his truck into Ace's Jackson Avenue store. Finally, on March 21, a man came into another Ace store with a note that read, "Bang, Bang, Hoe." Ms. Pettus was not present at any Ace stores when the incidents occurred but talked her disturbed employees through each situation by phone. No one was injured during these incidents, and the scenes were controlled when she arrived.

Ms. Pettus claimed these events caused her a mental injury due to guilt, anxiety and fear for her employees. She reported her alleged injury to Ace, which initially provided her with counseling. However, it later denied her claim as a non-work-related cumulative stress injury.

Fallowing the denial, Ms. Pettus sought treatment from her primary care physician at Methodist Healthcare, who diagnosed her with Post Traumatic Stress Disorder (PTSD), referred her to a psychiatrist, and placed her on medical leave. Afterward, she began treating with psychiatrist Jim Pang, who diagnosed her with PTSD and major depressive disorder. Dr. Pang provided medication management and referred her for psychotherapy. He also kept Ms. Pettus off work. Ms. Pettus continues to receive therapy from licensed professional counselor Kim McCaskill and periodically follows up with Dr. Pang for medication management.

Ms. Pettus filed a Petition for Benefit Determination on May 22, 2017, seeking a ruling on the compensability of her claim.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Ms. Pettus must come forward with sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). This lesser evidentiary standard does not relieve Ms. Pettus of the burden to produce evidence of an injury by accident that arose primarily out of and in

2

the course and scope of employment, but "allows some relief to be granted if that evidence does not rise to the level of a "preponderance of the evidence."' *Buchanan v. Carlex Glass Co.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at \*6 (Sept. 29, 2015).

Trial courts apply an objective standard, rather than a subjective standard, to the determination of whether the stress that an employee asserts caused his mental injuries was unusual. The test for a compensable injury alleged to have resulted from a purely mental or emotional stimulus is two parts: "(1) the injury must stem from an identifiable stressful, work-related event producing a sudden mental stimulus, and (2) the event must be unusual compared to the ordinary stress of the worker's job." *Edwards v. Fred's Pharmacy,* 2018 Tenn. Wrk. Comp. App. Bd. LEXIS 9, at \*7 (Feb. 14, 2018).

The parties agreed Ms. Pettus encountered identifiable stress from criminal activity at the stores she managed. Therefore, the Court must determine whether Ms. Pettus' stress was unusual in comparison to the ordinary stress of her job. All employees had access to a Safety and Security Manual and were trained on protocol to prevent robberies and other criminal activity. Here, Ms. Pettus knew the risk of robbery and criminal activity associated with a public cash loan business. She experienced the emotion involved when she was a victim in 2000. During the incidents Ms. Pettus claims caused her PTSD, she was never in harm's way. She never confronted a robber nor had physical contact with any individual. She performed her job as set out in the protocol she trained new employees to follow. Ms. Pettus worried about her employees but never feared for her own safety. Her connection with each incident involved communication with her employee by telephone and investigation of the location once the robber fled and the police secured the scene. The workers' compensation system "does not embrace ... every undesirable experienced encounter in carrying out the duties of a contract of employment." *Jose v. Equifax, Inc.,* 556 S.W.2d 82, 84 (Tenn. 1977).

The Court holds Ms. Pettus did not encounter unusual stress beyond the ordinary stress of her job. Therefore, she did not come forward with sufficient evidence from which this Court can conclude she is likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Pettus' claim against Ace Cash Express and its workers' compensation carrier for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **April 2, 2018, at 9:30 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call in may result in a determination of the issues without the parties' participation.

ENTERED this the 14th day of March, 2018.

_____

**JUDGE DEANA SEYMOUR**
**Court of Workers' Compensation**

4

**APPENDIX**

Exhibits:
1. Affidavit of Toyya Nettles-Pettus
2. Affidavit of Ignacio Cantu
3. Form C-20 Employer's First Report of Work Injury or Illness
4. Form C-23 Notice ofDenial of Claim for Compensation
5. Form C-41 Wage statement
6. Ace Safety & Security Manual
7. Toyya Nettles-Pettus' Deposition Transcript
8. Medical records (Collective)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion to Dismiss
4. Request for Expedited Hearing
5. Notice of Appearance
6. Employee Toyya Nettles Pettus' Response to Employers Motion to Dismiss
7. Order on Status Hearing
8. Order on Status Hearing
9. Agreed Order Continuing Expedited Hearing
10. Motion to Quash January 12, 2018 Expedited Hearing and Motion to Compel Discovery
11. Employee Toyya Nettles Pettus' Response to Employers Motion to Quash January 12, 2018 Expedited Hearing and Motion to Compel Discovery
12. Employee Toyya Nettles Pettus' Motion to Compel Discovery
13. Order on Motion to Quash Expedited Hearing, to Compel Written Discovery and Deposition of Ms. Nettles-Pettus, and to Compel Written Discovery from Ace Cash Express
14. Employee Toyya Nettles-Pettus' Pre-Hearing Memorandum
15. Employer's Expedited Hearing Brief
16. Employee's Motion to Compel and Shorten Discovery Time
17. Order on Motion to Compel

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to these recipients by the following methods of service on March 14, 2018.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|---|---|---|---|---|---|
| Darrell J. O'Neal, Employee's Attorney | | | | X | domemphislaw@darrelloneal.com laura@darrelloneal.com |
| D. Andrew Saulters, Employer's Attorney | | | | X | dsaulters@ortalekelley.com |

_____
**Penny Patterson-Shrum, Clerk**
**Court of Workers' Compensation**
**ClaimsWC.CourtClerk@tn.gov**