FILED
Aug 11, 2020
02:19 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Terika Hathaway, | ) | Docket No. 2019-06-2108 |
| Employee, | ) | |
| | ) | |
| | ) | State File No. 103267-2019 |
| v. | ) | |
| Davidson Transit Organization, | ) | |
| Self-insured Employer. | ) | Judge Kenneth M. Switzer |
| | ) | |

---

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

---

Terika Hathaway and her supervisor had a verbal altercation that she alleged caused a mental injury. She filed a request for expedited hearing to be decided on the record rather than an in-person hearing. This Court determined that a decision on the record is appropriate when Davidson Transit did not object. The case came before the Court on August 6, 2020. The Court denies Ms. Hathaway's claim at this time because the altercation with her supervisor that she described does not qualify as a "work related event resulting in a sudden or unusual stimulus," as the statute requires.

### History of Claim

Ms. Hathaway drives a bus for Davidson Transit. On September 30, 2019, she and two coworkers, Melvin Puckett and Sherman Howard, were sent for random drug-testing. Davidson Transit provided the employees transportation back to work in a vehicle driven by Ms. Hathaway's supervisor, Mike Henderson.

During the drive back, Mr. Henderson asked whether any of them had called "dispatch" to be picked up. Ms. Hathaway said that she called three times, but no one answered. Mr. Henderson disagreed and informed them that a worker in dispatch said no one had called.

1

From that point, according to Ms. Hathaway, the following exchange occurred:

Ms. Hathaway: Around here, it's about what you could prove not what you think.
Mr. Henderson: I don't think that's true.
Ms. Hathaway: Yes, I had to prove myself against you once.
Mr. Henderson: You need to lose the attitude.
Ms. Hathaway: What attitude?
Mr. Henderson: You need to watch yourself.
Ms. Hathaway: Excuse me? I need to watch myself?
Mr. Henderson: Yeah, you need to watch yourself. I'm about to take you off your run.
Ms. Hathaway: Do it.
Mr. Henderson: Okay, you're off your run.

On returning to the jobsite, Ms. Hathaway and Mr. Henderson met with a manager and union representative to discuss the incident.

The next day, Ms. Hathaway reported the incident as a workers' compensation injury. She wrote on the report that she felt "afraid, scared, shaken" and that she had been crying. Davidson Transit offered a panel of physicians, none of whom are mental health providers. For unknown reasons, Ms. Hathaway wrote "Garner Cagle/EAP" on the form.

Davidson Transit's third-party administrator denied the claim on October 18, reasoning that "Employee has not alleged facts which form the basis of a claim for mental injury under Tennessee Worker's Compensation Law." Ms. Hathaway filed a petition for benefit determination a few days later.

Ms. Hathaway provided records from Mr. Cagle and her primary care physician, Dr. Richard Meyer. She saw Mr. Cagle through her Employee Assistance Program for therapy five times in October and November. The October 6 notes state that she was there for "follow-up." Ms. Hathaway also saw Dr. Meyer in November. Notes from that visit are unavailable. However, Dr. Meyer, an internal medicine specialist, wrote a letter that states:

My understanding is that Ms. Hathaway was threatened by a supervisor at work. This threat has resulted in severe mental stress, and this mental stress has resulted in a severe exacerbation of depression and anxiety. . . . [S]he is severely depressed, anxious, fearful and displays some evidence of PTSD symptoms. She is currently receiving a comprehensive treatment program with both oral medication and psychotherapy. I have recommended that she go out of work, as she is currently cognitively impaired related to her depression and anxiety and is not able to drive or perform her work function safely.

2

Davidson Transit's lay witness proof consisted of the affidavits of Mr. Puckett, Mr. Howard, and Kent Minich. Mr. Puckett testified that Mr. Henderson never yelled or threatened violence against Ms. Hathaway, and that it was Ms. Hathaway who escalated the disagreement. As for Mr. Howard, he testified that no one yelled or used profanity, and he described the conversation as "tense, nothing more than that." Mr. Minich, who is Davidson Transit's human resources manager, investigated the incident afterward. He testified that he found no threats of violence or retribution on Mr. Henderson's part. After the meeting with the manager and union representative, Ms. Hathaway's route was reinstated, and Mr. Minich informed Ms. Hathaway that Mr. Henderson was to undergo retraining on verbal confrontations. Davidson Transit ultimately terminated Mr. Henderson a few weeks after the incident for unrelated reasons, and at some point, Ms. Hathaway returned to work.

Davidson Transit also submitted medical proof. Ms. Hathaway underwent a Human Performance Evaluation in June 2020, where the evaluator concluded she is able to perform the essential functions of her job. Ms. Hathaway reported no "[a]nxiety, depression, nervousness [or] other mental health problems." A physician assistant found that she is qualified to work as a commercial driver.

### Findings of Fact and Conclusions of Law

Ms. Hathaway must show that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-102(14) states that mental injuries are compensable if they arise primarily out of and in the course and scope of employment. The statute defines a mental injury as a "loss of mental faculties or a mental or behavioral disorder, arising primarily out of a compensable physical injury or an identifiable work related event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities." Tenn. Code Ann. § 50-6-102(17).

Tennessee has allowed compensation for a mental injury when that injury has been caused by either (1) a compensable physical injury, or (2) a sudden or unusual mental stimulus, such as a "fright, shock, or even excessive, unexpected anxiety." *Cutler-Hammer v. Crabtree*, 54 S.W.3d 748, 754 (Tenn. 2001). However, the Tennessee Workers' Compensation Law "does not embrace every stress or strain of daily living or every undesirable experience encountered in carrying out the duties of a contract of employment." *Id., citing Jose v. Equifax*, 556 S.W.2d 82, 84 (Tenn. 1977).

Here, Ms. Hathaway suffered no physical harm, so her case falls into the second

3

category. The Appeals Board recently held that "[c]ases focusing on the latter category make clear that (1) the injury must stem from an identifiable stressful, work-related event producing a sudden mental stimulus, and (2) the event must be unusual compared to the ordinary stress of the worker's job." *Edwards v. Fred's Pharmacy,* 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *7-9 (Feb. 14, 2018).

Applying these principles, the Court finds that Mr. Henderson and Ms. Hathaway had a disagreement at work. While she maintained that the argument was so heated that it made her cry and left her feeling "afraid, scared, shaken," two eyewitnesses offered different accounts. Mr. Puckett said that Mr. Henderson did not yell or threaten violence against Ms. Hathaway. He also said it was she who escalated the disagreement. For his part, Mr. Howard agreed that no one yelled or used profanity, and he described the conversation as "tense, nothing more than that."

Without live witness testimony and the opportunity to assess their credibility from their demeanor, the Court cannot find one account more convincing than the other. Specifically, it cannot find that Ms. Hathaway suffered a "fright, shock, or even excessive, unexpected anxiety," as *Cutler-Hammer* requires. Ms. Hathaway repeatedly wrote that she felt "threatened" by Mr. Henderson's words. However, he did not threaten physical violence but rather the loss of her "run." This falls into the category of a potential financial loss of an "employment opportunity," which the statute says is not compensable.

Ms. Hathaway also relied on EAP notes and a letter from Dr. Meyer to support her assertions. This medical causation evidence is irrelevant in this case because the Court has concluded that the argument between Ms. Hathaway and her supervisor does not meet the legal criteria to support a mental injury claim. However, even if it were relevant, the EAP notes do not address causation, nor do they provide any evidence of Mr. Cagle's qualifications to provide an opinion on causation. But also, the later Human Performance Evaluation showed that Ms. Hathaway is able to perform her essential job functions. Importantly, at that time she reported no "[a]nxiety, depression, nervousness [or] other mental health problems," and she was deemed qualified to work as a commercial driver.

Ms. Hathaway, as the employee in a workers' compensation case, bears the burden of proof. Tenn. Code Ann. § 50-6-239(c)(6). She has not satisfied it on this record. Therefore, Ms. Hathaway has not presented sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits. Her requested workers' compensation benefits are denied at this time.

This case is set for a scheduling hearing on **September 28, 2020, at 9:00 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED August 11, 2020.**



**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice, and Employer's list of issues to mediator (January 17, 2020 email to Ms. Ploeger)
3. Show-Cause Order
4. Order on Show-Cause Hearing, April 13, 2020
5. Order on Show-Cause Hearing, April 20, 2020
6. Request for Expedited Hearing
7. Pretrial Order
8. Employer's Witness and Exhibit List
9. Employer's Plain and Concise Statement Opposing Relief Employee Requests Via Expedited Hearing, and attached case law
10. Notice of Appearance
11. Motion for Continuance
12. Order Continuing Expedited Hearing
13. Amended Order Continuing Expedited Hearing
14. July 14, 2020 email from Ms. Hathaway to the Court Clerk
15. Employee's Supplemental Pre-Hearing Statement
16. Employee's Motion to Continue and Request for Hearing on the Record
17. Response to Employee's Motion to Continue and Request for Hearing on the Record
18. Reply to Response to Employee's Motion to Continue and Request for Hearing on the Record
19. Order Canceling In-Person Expedited Hearing and Docketing Notice for Decision on the Record
20. Additional Position Statement & Documents for Hearing on the Record

Exhibits:
1. Affidavit of Terika Hathaway
2. Employee's written statement, September 30, 2019
3. Employer's memo regarding workers' compensation policies, signed by Employee on October 1, 2019
4. Workers' Compensation Report by Employee, October 1, 2019
5. MTA Employee Incident Form, October 1, 2019
6. Form C-42, Choice of Physician, October 1, 2019

5

7. Form C-31, Medical Waiver and Consent, October 1, 2019
8. Citizen's Information Notice, Metro Police, October 1, 2019
9. Carrier's letter assigning claim adjuster, October 7, 2019
10. Employer's letter to Employee regarding her harassment complaint, October 15, 2019
11. Denial letter and Notice of Denial, October 18, 2019
12. NAACP Complaint of Discrimination and Authorization for Release of Information Regarding EEOC Case
13. Tennessee Human Rights Commission Discrimination Complaint
14. Employee's email list of complaints against Michael Henderson, October 24, 2019
15. LifeServices EAP progress notes, October 6, 15, 22 and-November 5, 12, 2019
16. Wage statement
17. November 5, 2019 Written Statement of Melvin Puckett
18. September 30 Written Statement of Melvin Puckett
19. Written statement of Sherman Howard
20. Dr. Meyer letter, November 24, 2019
21. Out-of-work note, June 2, 2020
22. Concentra Human Performance Evaluation
23. Medical Examination Report
24. Affidavit of Kent Minich
25. Affidavit of Sherman Howard
26. Affidavit of Melvin Puckett

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on August 11, 2020.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Abby Rubenfeld, Lucas Cameron-Vaughn, employee's attorneys | | | X | arubenfeld@rubenfeldlaw.com; lucas@rubenfeldlaw.com lcameronvaughn@gmail.com kchastain@rubenfeldlaw.com |
| David Drobny, Mac Allen, employer's attorneys | | | X | ddrobny@manierherod.com mallen@manierherod.com mgrimmig@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*